UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:     CASE NO. 10176

CHARLES PAUL ALONZO, JR.     SECTION "B"
CAROLYN WILLIAMS ALONZO

    DEBTORS     CHAPTER 7
******************************************************************************
E.H. MITCHELL & COMPANY, L.L.C.
    PLAINTIFF

VERSUS     ADV. P. NO. 10-1044

CHARLES PAUL ALONZO, JR.
    DEFENDANT

## MEMORANDUM OPINION

This matter came before the court on March 24, 2011 as a trial on the complaint of plaintiff, E.H. Mitchell & Company, L.L.C. ("Mitchell") seeking to have a debt excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(2), (4) and (6).[1]  For the reasons set forth below, the court finds that Mitchell did not carry its burden of proof in showing that its judgment against Alonzo should be excepted from discharge.  Accordingly, Mitchell's complaint is dismissed.

**I.**  **Background Facts**

In 2003 Phoenix Associates Land Syndicate, Inc., a debtor in a separate Chapter 7 proceeding in this court,[2] filed suit against Mitchell and an individual named Steven Furr in the 22nd Juducial District Court for the Parish of St. Tammany, State of Louisiana.[3]  Mitchell filed a

---

[1] Hereinafter referred to solely by the section numbers.

[2] The Phoenix case is Case No. 09-11743; it was filed as a Chapter 11 petition on June 10, 2009 and converted to a Chapter 7 case on July 31, 2009.

[3] The case is number 2003-12894 and was later consolidated with case no. 2006-15963.

counterclaim against Phoenix and one of its principals, Alonzo, and the case went to trial before a jury in December 2008 and January 2009, resulting in a judgment for Mitchell and a net award of damages in the amount of $3,213,585.00 plus costs, attorney's fees and legal interest from the date of demand.[4]  Mitchell now seeks to have the judgment declared nondischargeable, alleging fraud on the part of Alonzo, relying on the jury instructions and jury verdict sheet to prove collateral estoppel.[5]  Alonzo objects on the theory that the judgment was not a final judgment under Louisiana law; Alonzo also contends that Mitchell did not bear its burden of proving nondischargeability.

## II.   Legal Analysis

The court will first address the two more easily resolved parts of Mitchell's complaint. Mitchell alleges nondischargeability under three subsections of section 523.  Section 523(a)(4) excepts from discharge a debt for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."  Nothing in the jury verdict addresses whether Alonzo was acting in a fiduciary capacity to Mitchell, or finds that there was embezzlement or larceny.  Because Mitchell did not put on any additional evidence to support its claim under § 523(a)(4), this portion of the complaint is dismissed.

Section 523(a)(6) of the Bankruptcy Code excepts from discharge a debt for "willful and malicious injury by the debtor to another entity or to the property of another entity."  Again, the jury verdict does not address whether there was any sort of willful and malicious injury, and Mitchell put on no evidence to support its claim under this subsection of section 523, so this

---

[4] Trial Exhibit 8.

[5] Trial Exhibits 6 and 7.

portion of Mitchell's complaint is also dismissed.

### A. Collateral Estoppel

This leaves only Mitchell's complaint for nondischargeability under § 523(a)(2)(A) of the Bankruptcy Code. Because Mitchell relies on the state court judgment, the jury instructions and the jury verdict sheet to prove its case, the court must first examine the law regarding the concept of collateral estoppel. In *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60L.Ed.2d 767 (1979) the United States Supreme Court addressed whether the principle of *res judicata* applied to the bankruptcy courts' duty to decide dischargeability cases in which there was already a state court judgment. In deciding that the bankruptcy courts had an obligation to review not just the state court judgment and record, but to determine the dischargeability of a debt itself, the Court touched upon collateral estoppel in a footnote:

> If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17 [of the Bankruptcy Act], then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court.[6]

In *Simpson v. Shuler,* 722 F.2d 1253 (5th Cir. 1984), the United States Fifth Circuit Court of Appeals determined that where a state court had already made a factual finding in a case that was actually litigated, a bankruptcy court should not relitigate the entire case.[7] The *Shuler* court further held that in the Fifth Circuit, the requirements for the application of the doctrine of collateral estoppel are: 1) The issue to be precluded must be identical to that involved in the prior action; 2) in the prior action the issue must have been actually litigated; and 3) the

---

[6] *Brown v. Felsen,* 442 U.S. at 139, n. 10.

[7] *Simpson v. Shuler,* 722 F.2d at 1256.

determination made of the issue in the prior action must have been necessary to the resulting judgment.[8] In later cases, the Fifth Circuit has continued to use this same test but has added that the bankruptcy court should look to the underlying preclusion law for the state in which the judgment was rendered to determine whether collateral estoppel should apply.[9] In Louisiana, Revised Statute 13:4231(3) addresses issue preclusion, stating, "A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment." This is essentially the same as the test outlined by the Fifth Circuit.

The Fifth Circuit, while endorsing the use of collateral estoppel to prevent the relitigation of issues already tried, has quite narrowly defined when the doctrine is applicable:

> Hence, only in limited circumstances may bankruptcy courts defer to the doctrine of collateral estoppel and thereby ignore Congress' mandate to provide plenary review of dischargeability issues. Collateral estoppel applies in bankruptcy courts only if, *inter alia*, the first court has made specific, subordinate, factual findings on the identical dischargeability issue in question-that is, an issue which encompasses the same *prima facie* elements as the bankruptcy issue-and the facts supporting the court's finding are discernable from that court's record.[10]

In *Matter of Gupta*, 394 F.3d 347 (5th Cir. 2004), the Fifth Circuit reversed and remanded a bankruptcy court's decision that a judgment, which had been rendered after a three day jury trial where the jury had found the defendant, and later debtor, had breached his fiduciary duty to the plaintiff/creditor, was entitled to preclusive effect in the creditor's dischargeability action. In *Gupta,* the creditor brought the action under § 523(a)(4) of the Bankruptcy Code, which excepts

---

[8] *Id*. at 1256, n. 2.

[9] *In re Garner,* 56 F.3d 677, 679 (5th Cir. 1995).

[10] *In re Dennis*, 25 F.3d 274, 278 (5th Cir. 1994).

4

from discharge debts for fraud or defalcation while acting in a fiduciary capacity, and the state court jury specifically found that the debtor had breached a fiduciary duty to the creditor. Nonetheless, *Gupta* held that because the state court proceeding had not specifically found that the debtor was a managing partner and not a co-equal partner, the bankruptcy court's holding that the debtor was a managing partner instead of a co-equal partner was a finding that was not supported by the state court proceeding, and so collateral estoppel could not apply.[11] Thus, in the Fifth Circuit, collateral estoppel does apply, but in applying it the bankruptcy court must be very careful not to step outside the boundaries of what the state court actually decided when reviewing only the record of the state court.

Alonzo's brief makes an argument that an additional requirement exists for collateral estoppel to be applied: that there be a final judgment. Alonzo further argues that because the judgment at issue here does not meet the criteria of a final judgment under Louisiana law, collateral estoppel cannot apply. All of the cases cited by Alonzo containing the requirement of a final judgment, however, are cases addressing the issue of *res judicata*, not collateral estoppel. Thus, the court rejects Alonzo's argument that collateral estoppel cannot apply here because the judgment is not final under Louisiana law.

  **B.**  **Section 523(a)(2)(A)**

Section 523(a)(2)(A) excepts from discharge a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by false pretenses, a false

---

[11] *Gupta*, 394 F.3d at 350-51. Prior Fifth Circuit case law had found that co-equal partners are not fiduciaries to each other for purposes of § 523(a)(4), and the bankruptcy court's finding that Gupta was a managing partner was not based on any additional evidence outside of what could be found in the state court record.

representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." In the Fifth Circuit, the elements a creditor is required to prove actual fraud that excepts a debt from dischargeability are: (1) the debtor made representations; (2) at the time they were made the debtor knew they were false; (3) the debtor made the representations with the intention and purpose to deceive the creditor; (4) the creditor relied on the representations; and (5) that the creditor sustained losses as a proximate result of the representations. *In re Acosta*, 406 F.3d 367, 372 (5th Cir. 2005), *citing*, *In re Mercer*, 246 F.3d 391, 403 (5th Cir. 2001).

Under Louisiana law, fraud is defined by Louisiana Civil Code Article 1953: "Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." Louisiana courts have found that a party must prove two elements to prove fraud. First, intent to defraud or gain an unfair advantage, and second a resulting loss or damage.[12]

In examining the case before the court, the first element under Louisiana law appears to correspond to element three under the Fifth Circuit's test in *Acosta*, and the second element under Louisiana law corresponds to element five under the Fifth Circuit's test, so this court can easily find that those two elements were satisfied by the state court's judgment, and the jury's finding of fraud.[13] Additionally, the first requirement under the Fifth Circuit's test, that the debtor be the one who made the representations is also satisfied by reference to the state court

---

[12] *Mooers v. Sosa,* 798 So.2d 200, 207 (La.App. 5 Cir. 2001); *First Downtown Development v. Cimochowski,* 613 So.2d 671, 677 (La.App. 2 Cir. 1993).

[13] Trial Exhibit 7.

6

jury's verdict sheet. The answer to interrogatory number 5 specifically finds that the debtor, Alonzo, personally made the misrepresentation. Thus, it remains to the court to examine the evidence presented by Mitchell to determine whether facts to satisfy elements two and four of the Fifth Circuit's test were specifically found by the state court in its judgment or by the jury in reaching its finding of fact.

Section 523(a)(2)(A) requires justifiable, not reasonable reliance.[14] As opposed to the objective reasonable man, justification is a subjective inquiry, depending on the particular plaintiff and the particular circumstances.[15] Justifiable reliance is gauged by an individual standard of the plaintiff's own capacity and the knowledge which he has, or which may fairly be charged against him from the facts within his observation in the light of his individual case.[16] It is only where, under the circumstances, the facts should be apparent to one of the plaintiff's knowledge and intelligence from a cursory glance, or he has discovered something which should serve as a warning that he is being deceived, that he is required to make an investigation of his own.[17] Unfortunately for Mitchell, nothing in the state court record indicates anything about the element of reliance, which must be proved in a 523(a)(2)(A) action, so the court is unable to determine from the record whether that element of the dischargeability action was met. Additionally, Mitchell did not put on any additional evidence at the trial before this court as to the element of reliance, thus Mitchell fails to carry its burden on this element.

---

[14] *Field v. Mans*, 516 U.S. 59, 74-75, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995), *citing*, *In re Vann*, 67 F.3d 277 (11th Cir. 1995).

[15] *Field*, 516 U.S. at 70-71.

[16] *Vann*, 67 F.3d at 281.

[17] *Id.*

The second element of the Fifth Circuit's test requires that the creditor prove that at the time the debtor made the misrepresentation, the debtor knew it was false. Although the jury verdict sheet states that Alonzo made misrepresentation, there is no finding regarding whether Alonzo knew the representations he made were false at the time he made them. Again, at the trial in the bankruptcy court, Mitchell did not put on any evidence as to this element of its dischargeability action, so it failed to carry its burden of proof on this element.

## III.    Conclusion

Because the doctrine of collateral estoppel requires that Mitchell, the party opposing the debtor's discharge, show that the state court finding addressed all of the elements under § 523(a)(2)(A) in order for the court to grant an exception to that discharge, the court cannot find for Mitchell. Accordingly, Mitchell's complaint is dismissed. A separate order will be entered in accordance with this memorandum opinion.

New Orleans, Louisiana, August 12, 2011.

*J. A. Brown*
Jerry A. Brown
U.S. Bankruptcy Judge